LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
BY: Edward T. Finch, Esquire
Identification No. 83692
510 Walnut Street, Suite 1000
Philadelphia, PA  19106
(215) 627-0303

| | |
|---|---|
| JOSEPH A. REED, III and SHEILA REED, his wife | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| V. | APRIL TERM, 2002 |
| AC&S, Inc., ET AL. | NO. 2776 |

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

Kindly file the attached Notice of Removal in the above-captioned matter.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____
Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

**ER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. REED, III and SHIELA REED, his wife

    V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

CASE NO. $O\partial \ \text{C} \ \text{V} \ \partial 9 7 1$

### NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Joseph A. Reed, III and Sheila Reed, his wife v. AC&S, Inc., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0204-2776. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.    The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2.    The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.    On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.    The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.    Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.    Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.    The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues

2

concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.      On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12.     However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

3

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____
Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written

notice of the removal of this action will be promptly given to all adverse parties and a copy of the

Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOSEPH A.REED, III and SHEILA REED, his wife

      V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

CASE NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

May 23, 2002
(Date)

Attorney-at-law

Edward T. Finch, Esquire
Attorney For
DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

JS44
(Rev. 12/96)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph A. Reed, III and Sheila Reed, his wife

**DEFENDANTS**
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James T. Fitzgerald, Esquire
Law Offices of Peter G. Angelos, P.C.
The Wanamaker Building - 100 Penn Square East
Philadelphia, PA 19107
(215) 963-9333

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

**V. NATURE OF SUIT**

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☑ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
☐ 442 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $** In Excess of $50,000.00
Check YES only if demanded in complaint:
**JURY DEMAND** ☑ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER  01-CV-5981

DATE
May 23, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Defendants (Names and Addresses):**

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
James T. Fitzgerald, Esquire
PA S. Ct. I.D. No. 43178
Mark A. Kowit, Esquire
PA S. Ct. I.D. No. 57793
The Wanamaker Building
100 Penn Square East                **JURY FEE PAID**
Suite 1050, Tenth Floor
Philadelphia, Pennsylvania  19107
(215) 963-9333

Joseph A. Reed III and Sheila Reed,    :    IN THE COURT OF COMMON
his wife                                :    PLEAS OF PHILADELPHIA
    1269 Dexter Avenue          **ATTEST** COUNTY, PENNSYLVANIA
    Deptford, NJ 08096                       
                              **APR 1 8 2002**        TERM,
                                        :    NO.
                              **MARLEASA NEWSOME** PLAINT        **APRIL 2002**
                  Plaintiffs **PRO. PROTHY** PERSONAL INJURY
    V.                                  :    CIVIL ACTION -              **002776**
                                        :    Defendants
    AC&S, Inc.,et al.,                  :    ASBESTOS - 2090
                  Defendants            :    JURY TRIAL DEMANDED

| NOTICE | AVISO |
|---|---|
| YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.   You may lose money or property or other rights important to you. | LE HAN DEMANDADO A USTED EN LA CORTE.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form excrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, PA  19107   Telephone: (215) 238-1701 | ASOCIACION DE LICENCIADOS DE FILADELFIA One Reading Center Philadelphia, PA  19107 Telefono:  (215) 238-1701 |

**LAW OFFICES OF PETER G. ANGELOS, P.C.**
**Firm I.D. #99975**
**Edward P. Monaghan, Esquire**
**PA S. Ct. I.D. No. 45775**
**James T. Fitzgerald, Esquire**
**PA S. Ct. I.D. No. 43178**
**Mark A. Kowit, Esquire**
**PA S. Ct. I.D. No. 57793**
**The Wanamaker Building**
**100 Penn Square East**
**Suite 1050, Tenth Floor**
**Philadelphia, Pennsylvania  19107**
**(215)  963-9333**

| | | |
|---|---|---|
| Joseph A. Reed III and Sheila Reed, | * | IN THE COURT OF |
| his wife | * | COMMON PLEAS OF |
|    1269 Dexter Avenue | * | PHILADELPHIA COUNTY |
|    Deptford, NJ 08096 | * | |
| | * | PENNSYLVANIA |
| | * | |
|                Plaintiffs | * |      TERM |
| | * | No. |
| VS. | * | AMENDED COMPLAINT - |
| | * | PERSONAL INJURY |
| | * | |
| | * | CIVIL ACTION - |
| A C & S, Inc.  001 | * | ASBESTOS - 2090 |
| 120 N. Lime Street | * | |
| Lancaster, Pennsylvania  17602 | * | JURY TRIAL DEMANDED |
| | * | |
|     and | * | |
| | * | |
| ABEX CORPORATION 046 | * | |
| Corporation Service Company | * | |
| 2704 Commerce Drive Suite B | * | |
| Harrisburg,  PA  17110 | * | |
| | * | |
|     and | * | |
| | * | |

AMCHEM PRODUCTS, INC.   229          *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
        and                          *
                                     *
AMERICAN STANDARD, INC. 2251         *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *
                                     *
        and                          *
                                     *
ATLANTIC RICHFIELD COMPANY 2323      *
c./o CT Corporation Systems          *
1515 Market Street                   *
Philadelphia, PA 19103               *
                                     *
        and                          *
                                     *
BORG WARNER CORPORATION I55          *
c/o CT Corporation System            *
1515 Market Street                   *
Philadelphia, PA 19103               *
                                     *
        and                          *
                                     *
                                     *
BP EXPLORATION & OIL INC.            *
a/k/a B.P. Oil Company               *
f/k/a SOHIO Petroleum Company        *
c/o CT Corporation System            *
1515 Market Street                   *
Philadelphia, PA 19103               *
                                     *
        and                          *
                                     *
BP AMERICA INC.                      *
c/o CT Corporation System            *
1515 Market Street                   *
Philadelphia, PA 19103               *
                                     *

```
        and                          *
BRAND INSULATIONS, INC. 057          *
c/o C.T. Coporation System           *
1515 Market Street                   *
Philadelphia, PA  19109              *

        and                          *
                                     *
B.F. GOODRICH COMPANY 2419           *
c/o CT Corporation System            *
1515 Market Street                   *
Philadelphia, PA 19103               *
                                     *
        and                          *
                                     *
CHEVRON U.S.A., INC. d/b/a           *
CHEVRON PRODUCTS COMPANY 8046        *
Corporation Service Center           *
2704 Commerce Drive                  *
Suite B                              *
Harrisburg, PA 17110                 *
                                     *
        and                          *
                                     *
CLAYTON DUBILIER & RICE  2692        *
c/o The Corporation Trust Company    *
1209 Orange Street                   *
Wilmington, DE  19801                *
                                     *
        and                          *
                                     *
DAIMLER CHRYSLER CORPORATION, f/k/a*
CHRYSLER MOTORS CORPORATION, f/k/a  *
CHRYSLER CORPORATION 433             *
12000 Chrysler Drive                 *
Detroit, MI 48288-0001               *
                                     *
        and                          *
                                     *
CLEAVER-BROOKS, INC.  155            *
A Division of Aqua-Chem, Inc.        *
c/o C.T. Coporation System           *
1515 Market Street                   *
```

Philadelphia, PA  19109                    *
                                           *
                                           *
        and                                *
FORD MOTOR COMPANY 105                     *
c/o Sidney Kelly                           *
The American Road                          *
Dearborn, MI 48121                         *
                                           *
        and                                *
                                           *
FOSTER-WHEELER CORPORATION   131           *
Worldwide Headquarters                     *
Perryville Corporate Park                  *
P.O. Box 4000                              *
Clinton, NJ 08809-4000                     *
                                           *
        and                                *
                                           *
FOUR STAR OIL & GAS CO.                    *
Corporation Service Center                 *
2704 Commerce Drive                        *
Suite B                                    *
Harrisburg, PA 17110                       *
                                           *
        and                                *
                                           *
GENERAL MOTORS CORPORATION 3225            *
c/o CT Corporation Trust                   *
1515 Market Street                         *
Philadelphia, PA 19103                     *
                                           *
        and                                *
                                           *
GENERAL ELECTRIC 164                       *
3515 Easton Turnpike                       *
Fairfield, CT 06432                        *
                                           *
        and                                *
                                           *

H.B. SMITH COMPANY, INC. 157          *
47 Westfield Industrial Park  Road *
Westfield, MA 01085                   *

```
                                          *
        and                               *
                                          *
HONEYWELL INTERNATIONAL INC. f/k/a *
ALLIED SIGNAL, INC. successor to          *
Bendix Corporation 280                    *
c/o CT Corporation System                 *
1515 Market Street                        *
Philadelphia, PA 19103                    *
                                          *
        and                               *
                                          *
PFIZER, INC.  102                         *
235 East 42nd Street                      *
New York, New York  10017                 *
                                          *
        and                               *
                                          *
RAPID AMERICAN CORPORATION 4095           *
Corporation Service Company               *
2704 Commerce Drive Suite B               *
Harrisburg,  PA  17110                    *
                                          *
                                          *
        and                               *
                                          *
TEXACO, INC. 4538                         *
Corporation Service Center                *
2704 Commerce Drive                       *
Suite B                                   *
Harrisburg, PA 17110                      *
                                          *
        and                               *
                                          *
TRMI HOLDINGS, INC.                       *
Corporation Service Center                *
2704 Commerce Drive                       *
Suite B                                   *
Harrisburg, PA 17110                      *
                                          *
                                          *
UNIROYAL, INC  043                        *
Uniroyal Holding's Incorporated           *
World Headquarters                        *
```

```
                                      *
                                      *
70 Great Hill Road                    *
Naugatuck, CT 06770                   *
                                      *
        and                           *
                                      *
VIACOM, INC. succesor by merger to *
CBS CORPORATION f/k/a WESTINGHOUSE *
ELECTRIC I4934                        *
c/o Asbestos Litigation Support Mgr.*
Eckert Seamans Cherin & Mellott, LLC*
Case Management and Technology Ctr.*
Gulf Tower, 5th Floor                 *
707 Grant Street                      *
Pittsburgh, PA 15219                  *
                                      *
        and                           *
                                      *
WEIL MCLAIN, A DIVISION OF THE        *
MARLEY COMPANY, A WHOLLY OWNED        *
SUBSIDIARY OF UNITED DOMINION         *
INDUSTRIES, INC. 163                  *
c/o C.T. Coporation System            *
1515 Market Street                    *
Philadelphia, PA  19109               *
```

## SHORT FORM COMPLAINT

AND NOW come, Joseph A. Reed III and Sheila Reed, by and

through his  attorneys, Edward P. Monaghan, James T. Fitzgerald,

Mark A. Kowit, and the Law Offices of Peter G. Angelos, P.C. and

file this Complaint and in support thereof aver the following:

1.  Plaintiffs incorporate by reference Plaintiffs' Master Long

Form Complaint in Re:  Asbestos Litigation in Philadelphia Court

of Common Pleas, filed as of October Term 1986, No. 8610-0001 as

though set forth in its complete text. Pursuant to an Order
dated July 30, 1986 and signed by the Honorable Richard B. Klein
and the Honorable Edward J. Blake the following short form
complaint is utilized in this asbestos action.

2.   Plaintiffs would also name as defendants the Johns-Manville
Corporation, the Johns Manville Sales Corporation, UNARCO, Amatex
Corporation, Forty Eight Insulators Incorporated, Wallace and
Gale Company, Nicolet Industries, Pacor, Inc., Raymark Industries
Inc., Raymark Corporation and Raytech, DI Distributors Inc. f/k/a
Delaware Insulation Company, Inc., Carey Canada, Celotex
Corporation, Eagle Picher Industries, Inc., Keene Corporation,
Rock Wool Manufacturing Co., H.K. Porter Company, Inc., Armstrong
World Industries, Inc., GAF Corporation, Owens Corning,
Fibreboard Corporation, U.S. Mineral Products, United States
Gypsum, W.R. Grace Co.-Conn. and T&N Plc.,; however, each of
these potential defendants has filed for relief or been forced
into involuntary bankruptcy under Chapter 11 of the Bankruptcy
Code and, pursuant to 11 U.S.C. Section 362, the institution of
actions against these companies is stayed.   Plaintiffs would
have brought suit against the companies enumerated in this
paragraph but for the automatic stay.

3.   Defendant, Rapid-American Corporation, is a corporation duly
organized and existing under the laws of the State of Delaware

with its registered agent being in c/o Prentice Hall Corp.
System, 319 Market Street, Harrisburg, PA  17101.

4.  Defendant, Rapid-American Corporation, is liable to the
plaintiffs for all damages caused or substantially caused by
asbestos containing products of Philip Carey Manufacturing
Corporation and or Philip Carey Manufacturing Company.

5.  Rapid-American Corporation and\or its predecessors merged
with, and explicitly and impliedly assumed the liabilities of,
Glen Alden Corporation after Glen Alden Corporation had merged
with, and explicitly and impliedly assumed the liabilities of,
Philip Carey Manufacturing Corporation.

6.  Glen Alden Corporation also formed a subsidiary, Philip Carey
Manufacturing Company, which continued to conduct the asbestos
business.

7.  The corporate relationship between Rapid-American Corporation
and Glen Alden Corporation, and Glen Alden's merger and
subsequent formation of a separate asbestos company, as well as
Rapid-American's express and implied assumption of all
liabilities at every stage of every merger involving a
predecessor corporation and Philip Carey Manufacturing Company
and Philip Carey Manufacturing Corporation are the basis of
Rapid-American Corporation's liability in this matter.

8.  At all times material hereto, Philip Carey Manufacturing

Company and Philip Carey Manufacturing Corporation mined,
manufactured, produced, distributed and sold asbestos products
which were used within the Commonwealth of Pennsylvania,
including, but not limited to:  Hightemp Pipecovering and Block,
85% Magnesia Pipecovering and Block, Air Cell Covering, Fibrous
Adhesive Bonding, Careytemp Bonding, 7-m-90 Asbestos Shorts,
Insulation Cement, Vitracel Cement (Refractory Finishing), LF 20
Asbestos Cement (long fiber), No. 100 Asbestos Cement (hard
finish), No. 303 Asbestos Cement, Asbestos Cement, MW-50 Cement,
No. 707 Insulating Cement, Thermotex-B Mastic and asbestos
shingles, roofing products and asbestos paper.

9.  Defendant, Uniroyal Inc., formerly known as United States
Rubber Co., is a corporation duly organized and existing under
the laws of the State of New Jersey with its corporate
headquarters located at 70 Great Hill Road, Naugatuck, CT 06770.

10.  At all times material hereto, Uniroyal, Inc., formerly known
as United States Rubber Co., manufactured, produced, distributed
and sold asbestos containing products which were used within the
Commonwealth of Pennsylvania, including but not limited to:
Asbeston yarns, tapes and  fabrics. The fabrics were woven into a
variety of products not limited to, asbestos containing safety
clothing, insulation jacketing and fire blankets.

11.  At the direction and control of Clayton & Dubilier, Inc.,

CDU Acquisition Inc. acquired all outstanding shares of Defendant Uniroyal, Inc.'s common stock in 1985. At that time, CDU Acquisition, Inc. was wholly-owned by Clayton & Dubilier, Inc. Clayton & Dubilier, Inc. changed its corporate name to Clayton Dubilier & Rice, Inc. in or around 1993. Clayton Dubilier & Rice, Inc. is the successor in interest to Clayton and Dubilier, Inc. Clayton & Dubilier, Inc. had acquired Uniroyal, Inc., upon information and belief, for the purpose of dismantling its corporate structure and selling off its assets at a profit inuring to Clayton & Dubilier, Inc. Clayton & Dubilier, Inc. expressly and impliedly assumed the liabilities of Uniroyal, Inc. upon the purchase of all shares of common stock of Uniroyal, Inc. Clayton & Dubilier, Inc. and Clayton Dubilier & Rice, Inc. as successor in interest have not otherwise provided for the satisfaction of contingent liabilities of Uniroyal, Inc. from the funds it derived upon the sale of Uniroyal, Inc.'s assets. Defendant, Uniroyal, Inc., was liquidated in 1986.

12. Defendant, Clayton Dubilier & Rice, Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its registered agent being in c/o The Corporation Trust Company 1209 Orange Street, Wilmington, DE 19801.

13. Defendant, Honeywell International Inc. f/ka/ Allied Signal, Inc., successor to Bendix Corporation, sued in its corporate

capacity, and as a successor in interest to inter alia, Allied
Corp. and Allied Signal, Inc.  Defendant Allied Signal, Inc. is a
Delaware based corporation with its principle place of businesss
located at Columbia Road and Park Avenue, Morristown, NJ 07962.
At all times material hereto, it or its predecessor(s) in
interest manufactured and/or sold, among other products, asbestos
containing brake shoes, linings, blocks and pads and other
asbestos-containing brake related automotive products.

14.  Defendant Abex Corporation is a Delaware based corporation
located at 485 Frontage Road Burr Bridge, Illinois 60521.  At all
times material hereto it or its predecessor(s) in interest
manufactured and/or sold, inter alia, among other products,
asbestos containing brake shoes, linings, blocks and pads and
other  asbestos containing brake related automotive products.

15.  Defendant B.F. Goodrich Company, sued in its corporate
capacity, and as a successor in interest to inter alia, Goodrich
B.F. Company and B.F. Goodrich with its registered office at c/o
CT Corporation System, 1515 Market Street, Philadelphia, PA 19103
Defendant, B.F. Goodrich Company manufactured and/or sold, among
other products, automotive brake products.

16.  Defendant, Borg Warner Corporation, is a corporation duly
organized and existing under the laws of the State of Michigan
with a principle place of business at 615 Griswold, Detroit

Michigan with its registered agent at 1515 Market Street,
Philadelphia, PA 19109. At all times material hereto, defendant
Borg Warner Coporation, manufactured, produced and/or sold
asbestos products, either directly or indirectly to the employers
of the plaintiffs and/or its predecessors, asbestos products
including, but not limited to, asbestos brake shoes, asbestos
brake linings and other asbestos friction products.

17.  Defendant Daimler Chrysler Corporation, f/k/a Chrysler
Motors Corporation, f/k/a Chrysler Corporation is a Michigan
based corporation with its main office located at 12000 Chrysler
Drive, Detroit, Michigan 48282. At all times material hereto it
or its predecessor(s) in interest manufactured and/or sold, inter
alia, among other products, asbestos containing brake shoes,
linings, blocks and pads and other asbestos containing brake
related automotive products.

18. Defendant Ford Motor Company is a Michigan based corporation
with its main office located at the American Road, Dearborn,
Michigan, 48121. At all times material hereto it or its
predecessor(s) in interest manufactured and/or sold inter alia,
among other products, asbestos containing brake shoes, linings,
blocks and pads and other asbestos containing brake related
automotive products.

19.  Defendant General Motors Corporation is a Pennsylvania

corporation with its registered agent at c/o CT Corporation

System, 1515 Market Street, Philadelphia, PA 19103. At all times

material hereto, it or its predecessor(s) in interest

manufactured and/or sold, among other products, asbestos

containing brakes, linings and motors for automotive

installations.

20. Defendant American Standard Inc. is a Delaware Corporation

with its principle place of business in New York and is doing

business in the Commonwealth of Pennsylvania. It is the

successor in interest to Westinghouse Air Brake Co., which sold

asbestos-containing products such as, but not limited to,

gaskets, brake shoes and brake linings.   American Standard, Inc.

or its other predecessor, Ideal, sold asbestos containing boilers

and cement to which plaintiff was exposed.

21. Defendant H.B. Smith Company, Inc., sued in its corporate

capacity with its main office at 47 Westfield Industrial Park

Road, Westfield, MA 01085. Defendant, H.B. Smith Company, Inc.

manufactured, produced and sold, among other products, asbestos

containing rope, wick, insulating cement, furnace cement, fill

and millboard for use during installation of its boilers.

22. Defendant Weil McLain Company, A division of the Marley

Company, a wholly owned subsidiary of United Dominion Industries,

Inc.,   which is a corporation organized and existing under the

laws of the State of Delaware with its principle place of
business in Kansas which is doing business in the Commonwealth of
Pennsylvania. At all times material hereto, Defendant Weil-
McLain, manufactured, produced and sold, either directly or
indirectly, in the geographical area in which the plaintiffs
worked and/or to the employers of plaintiffs and/or to
contractors on job sites on which plaintiffs worked, asbsestos
products.

23. Defendant, Cleaver-Brooks, Inc., is a Delaware corporation
with a principle place of business located in Lebanon,
Pennsylvania. At all times material hereto Cleaver-Brooks, Inc.
sold boilers which were designed or intended to be insulated with
asbestos. Because the boilers failed to contain adequate and
sufficient warnings of the possible hazards of asbestos, they
were defective and the conduct of the defendant in selling those
products without such warnings was negligent. Since asbestos
insulation on the boilers had to be removed, it was dangerous and
warnings should have been given.

24. Defendant, Viacom, Inc. successor by merger to CBS
Corporation, f/k/a Westinghouse Electric Corporation with its
registered office at Gateway #6, 2nd Floor, 11 Stanwix Street,
Pittsburgh, Pennsylvania 15222. Defendant Viacom, Inc. successor
by merger to CBS Corporation f/k/a Westinghouse Electric

Corporation manufactured various products, including but not
limited to electrical products, gaskets, valves, packing, brakes,
and machinery which either contained asbestos or required the
installation of asbestos.

25.  This Complaint alleges the claims of the following persons:

a.   Plaintiff-Husband("plaintiff"):

Name: Joseph A. Reed III

Address: 1269 Dexter Avenue, Deptford, NJ 08096

Social Security No. 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

Date of Birth: 01/18/43

b.   Plaintiff-Spouse

Name: Sheila Reed

Address: 1269 Dexter Avenue, Deptford, NJ 08096

26.  The defendants are those companies listed in the caption of
this complaint.

27.  Plaintiff was employed by various employers at various
locations and at each location was exposed to the asbestos
products of the defendants herein.

28.  At all times from 1961 to the present plaintiff was a member
of the Steamfitters Union Local 322.

29.  The aforementioned Local 322 maintains its principle place
of business, and operates a hiring hall, at 368 Broadway,
Westville, NJ 08093.

30. Plaintiff, as a skilled building tradesman and member of Local 322, was assigned to job sites designated in the City of Philadelphia and surrounding counties.

31. At various times during the years 1959 to the present Plaintiff regularly did automotive repairs, including brake work through which plaintiff was exposed to the asbestos products of the defendants herein.

32. The air plaintiff breathed was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured or distributed by the defendant corporations and each of them during the period 1961 to 2000 while he was employed by the various employers averred in paragraph 27 above.

33. Plaintiff first learned of the injury for which he is making his claim on or about July 17, 2000.

34. Plaintiff was first diagnosed as having an asbestos related injury on or about July 17, 2000.

35. Plaintiff currently is suffering from shortness of breath, asbestos pleural disease and other asbestos lung disease.

36. A claim for lost wages is not asserted at this time.

WHEREFORE, Plaintiffs demand judgment against all defendants named in this Complaint, and each of them, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages and in excess of fifty thousand dollars ($50,000.00) for punitive

Avenue, Cleveland, Ohio.    At all times material hereto,

defendant had done business under the name SOHIO Petroleum

Company and subsequently changed its name to BP Exploration and

Oil, Inc.

40.    Defendant BP America Inc. is a Delaware corporation which

regularly conducts business in the County of Philadelphia and the

Commonwealth of Pennsylvania.    At all times material hereto the

defendant had done business under the name BP North America, Inc.

and subsequently changed its name to BP America Inc.

41.    Defendant Chevron U.S.A., Inc. d/b/a Chevron Products

Company is a Pennsylvania corporation which regularly conducts

business in the County of Philadelphia and in the Commonwealth of

Pennsylvania with its principle place of business at 225 Bush

Street, San Francisco, California.    At all times material hereto,

upon information and belief, defendant Chevron, U.S.A. Inc. did

own fully or partially, lease, operate, manage, work upon and/or

control the oil refinery located in Philadelphia, Pennsylvania,

known at times material hereto as Chevron Refinery.    Chevron

U.S.A., Inc. is the successor of Gulf Oil.

42.    Defendant Texaco, Inc. is a Delaware Corporation which

regularly conducts business in the County of Philadelphia and in

the Commonwealth of Pennsylvania.

43.    Defendant Four Star Oil and Gas Company is a Delaware

Corporation which regularly conducts business in the County of

Philadelphia and in the Commonwealth of Pennsylvania. Defendant

Four Star Oil and Gas Company is a wholly owned subsidiary of

Texaco, Inc.

44.   Defendant TRMI Holdings, Inc. is a Delaware Corporation

which regularly conducts business in the County of Philadelphia

and in the Commonwealth of Pennsylvania.    Defendant TRMI

Holdings, Inc. is a wholly owned subsidiary of Texaco, Inc.

45.   This count is brought by the Plaintiff solely against

Defendants, Atlantic Richfield Company, BP Exploration and Oil,

Inc., BP America, Inc. Chevron, U.S.A. Inc., Texaco, Inc., Four

Star Oil and Gas Company and TRMI Holdings, Inc.,   (hereinafter

referred to collectively as the "Premise Liability Defendants")

and is brought in addition to the allegations contained in the

Master Long Form complaint, which are incorporated herein by

reference as though set forth in their complete text.

46.   On numerous occasions and for substantial periods of time

the Plaintiff was invited onto and lawfully entered upon property

owned and controlled by the Premises Liability Defendants as a

business invitee.   The Plaintiff had been specifically requested

to perform work and services for the benefit and aid of said

Defendants on these occasions.   At all such times, Plaintiff was

employed by corporations other than the Premises Liability

52. At all times complained of herein the Premises Liability
Defendants knew or should have known the inhalation of asbestos
fibers could cause pleural disease, asbestosis, lung carcinoma,
malignant mesothelioma, carcinoma of the gastrointestinal tract,
and other malignant and non-malignant diseases.

53. At all times complained of herein, the Premises Liability
Defendants knew or should have known Plaintiff was unaware of the
dangers associated with asbestos exposure, or the full magnitude
of that danger, and therefore was not capable of taking adequate
measures to protect himself.

54. At all times complained of herein the Premises Liability
Defendants failed to otherwise exercise control as owners of
their property in a manner calculated to maintain their premises
free of asbestos, an unnecessarily dangerous and defective
condition, and thereby protect the health of their business
invitees.

55. At all times complained of herein the Premises Liability
Defendants failed to remove and contain the asbestos materials so
as to render the premises safe.

56. At all times complained of herein the Premises Liability
Defendants failed to cease and discontinue further installation
of asbestos-containing products on their premises.

57. The Premises Liability Defendants knew or should have known

I verify that the statements made in this Complaint are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.  Section 4904 relating to unsworn falsification to authorities.

Dated 3-13-02

X _____

X _____

of the conditions set forth in paragraphs 37 through 59 and at all times complained of herein were in a superior position to that of the Plaintiff to know the dangers of asbestos. The Premises Liability Defendants were negligent in their failure to warn the Plaintiff and other persons similarly situated of the dangerous and defective condition of the premises brought by the presence of asbestos.

58. The Premises Liability Defendants willfully and maliciously failed to guard or warn against the dangerous and defective conditions present on the premises brought about by the presence of asbestos to the detriment of Plaintiff and Plaintiff's health.

59. The actions or omission of the Premises Liability Defendants set forth in Paragraph 37 through 59 of this Complaint were the cause of or were a significant contributing factor in bringing about the physical injuries set forth in Paragraph 35 of this complaint and all damages suffered by the Plaintiff resulting from these physical injuries.

WHEREFORE, in addition to, or in the alternative to the relief requested in Counts I through X supra, Plaintiff demands judgment against Atlantic Richfield Company, BP Exploration and Oil, Inc., BP America, Inc., Chevron, U.S.A. Inc., Texaco, Inc., Four Star Oil and Gas Company and TRMI Holdings, Inc., jointly

**LAW OFFICES OF PETER G. ANGELOS, P.C.**
**Edward P. Monaghan, Esquire**
**Pa. S. Ct. I.D. No. 45775**
**James T. Fitzgerald, Esquire**
**PA S. Ct. I.D. No. 43178**
**Mark A. Kowit, Esquire**
**PA S. Ct. I.D. No. 57793**
**100 Penn Square East**
**Suite 1050, Tenth Floor**
**Philadelphia, PA  19107**
**(215) 963-9333**

| | | |
|---|---|---|
| Joseph A. Reed III and Sheila | * | IN THE COURT OF COMMON PLEAS |
| Reed, his wife | * | PLEAS OF PHILADELPHIA COUNTY, |
| | * | PENNSYLVANIA |
| Plaintiffs, | * | |
| | * | Term , |
| V. | * | No. |
| | * | COMPLAINT |
| | * | PERSONAL INJURY |
| AC&S, INC., et  al. | * | CIVIL ACTION - |
| | * | ASBESTOS - 2090 |
| Defendants. | * | |
| | * | JURY TRIAL DEMANDED |

**********************************

        This is to certify that this is a true and correct copy of
the foregoing Complaint in the above captioned case.

                    LAW OFFICES OF PETER G. ANGELOS, P.C.


            BY:    _Mark Kowit_____
                   Mark A. Kowit, Esquire
                   Law Offices of Peter G. Angelos, P.C.
                   100 Penn Square East
                   Suite 1050, Tenth Floor
                   Philadelphia, PA  19107
                   (215) 963-9333